# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. THEODORE WARE, APPELLANT.

*Evidence — cross-examination of witness — answers of the witness to questions which are put to discredit him cannot be contradicted, if they relate only to collateral matters.*

APPEAL from a judgment of the Court of General Sessions of the county of New York, convicting the defendant of the crime of robbery.

The evidence tended to show that three men, of whom the defendant probably was one, entered the laundry of the complaining witness, who is a Chinaman, and by threats and force robbed him of his money on October 23, 1882.

After the case was rested by the people, the defendant was sworn as a witness in his own behalf; on his cross-examination he was asked the following questions by the district attorney:

Q. Now, on the nineteenth day of October — this last October — did not you enter the premises 155 Forsyth street, together with two other men, at eleven o'clock at night, and did not you and those men present a pistol at the head of a Chinaman by the name of Hong Wah? A. No, sir. Q. One moment — did not you and the

other men rob him of seventy dollars? A. No, sir. Q. No? A. No, sir.

After the defense had concluded its evidence, the district attorney proposed and was allowed, against the defendant's objection and exception, to show that a witness, Hung Wah, called by the people, saw the defendant Ware at his laundry in Forsyth street on the night of October 19, 1882, at eleven o'clock; he was accompanied by two other men; that, after entering the laundry, Ware pointed a pistol at his head; the other men pulled in the windows and locked the door; he was then tied up, and they took from under his pillow a roll of bills amounting to seventy dollars, and five dollars in silver out of the drawer, his property, and left; the men were all strangers to witness.

The court at General Term said: "The ruling of the court under which it was permitted to be given was expressed in the following language:

"THE COURT. — I shall charge the jury that the fact, if it be a fact, that Ware committed another offense on the nineteenth day of October, is no evidence whatever tending to prove that he committed the offense charged in the indictment, but that they may take that circumstance, that is, the contradiction between him and this witness, as I assume it is going to be a contradiction, into consideration upon the question of the defendant's credibility as a witness. That is the extent of it.

"And from that it is clear that the evidence was received for the mere purpose of contradicting and discrediting the defendant as a witness in the case. Whether he participated in the commission of the other offense was not a material inquiry on the trial of this indictment. It was simply collateral, and the object of it was by cross-examination to show such preceding criminal conduct on the part of the defendant as would lead the jury to disbelieve the witness, or to reduce the effect they might otherwise be inclined to give to his testimony. When that course of cross-examinations has been followed, the law does not permit the party adopting it to introduce further and independent evidence to prove that the denial of the witness was false. When that is the sole effect to be given to the evidence, the party cross-examining the witness is concluded by his answer. The inquiry cannot be further extended by

producing testimony of a contradictory nature. The rule upon this subject has frequently been made a matter of consideration by the courts, and it is now well established that to entitle the party interrogating the witness in this manner, by way of cross-examination, to introduce evidence to contradict his statements, the cross-examination must be directed to a material inquiry in the case, or to evidence establishing a hostile or unfriendly bias against the party in the mind of the witness. (*Carpenter* v. *Ward*, 30 N. Y., 243, 245 ; *Plato* v. *Reynolds*, 27 id., 586 ; *Trustees, etc.,* v. *Brooklyn Fire Ins. Co.*, 28 id., 153 ; *Chapman* v. *Brooks*, 31 id., 75, 87 ; *Stokes* v. *The People*, 53 id., 164, 175, 176 ; *Schultz* v. *Third Ave. R. R. Co.*, 89 id., 248).

" The evidence which was received concerning the commission of the other offense was in direct contravention of this rule. By the ruling of the court it was taken for no other or different purpose, and it is to be presumed that it was only used, as it was stated by the court it would be, in the consideration and determination of the case. This was a material error which could not be otherwise than prejudicial to the case of the defendant."

*William F. Kintzing*, for the appellant.

*A. J. Requier*, for the respondent.

Opinion by DANIELS, J. ; DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, and new trial ordered.